**NOT FOR PUBLICATION**

```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
                                    :
JOHN J. JACOBS, JR.,                :   CIVIL ACTION NO. 11-4662 (MLC)
                                    :
     Plaintiff,                     :        O P I N I O N
                                    :
     v.                             :
                                    :
EMILIO ESTEFAN, et al.,             :
                                    :
     Defendants.                    :
                                    :
```

**THE PLAINTIFF PRO SE** applies for in-forma-pauperis relief under 28 U.S.C. § ("Section") 1915 ("Application") in this action to recover damages for the alleged breach of an implied contract. (Dkt. entry no. 1, Application.)  This Court will (1) grant the Application, and (2) deem the Complaint to be filed.

**THIS ACTION** would have been more appropriately brought in Miami, Florida, which is served by the United States District Court for the Southern District of Florida, where according to the plaintiff himself:  (1) the defendants reside, work, or can be found; (2) the plaintiff allegedly traveled in order to meet with the defendants to discuss and negotiate the implied contract at issue; (3) the alleged breach occurred; (4) any witnesses and evidence connected to the alleged meetings and subsequent breach will be found; and (5) personal jurisdiction over the defendants will be more certain.  (See dkt. entry no. 1, Compl.)  See Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995); see also 28 U.S.C. § 1404.

**IT MAY BE IMPROPER** to dismiss a complaint on the basis of improper venue following an initial screening under Section 1915(e)(2)(B).  See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976).  But this Court is neither screening the Complaint nor dismissing the Complaint.  Rather, this Court is granting the Application and transferring the action to a more-appropriate federal district court, which will in turn screen the Complaint under Section 1915(e)(2)(B) and determine whether the Complaint should be dismissed.  See Kapordelis v. Danzig, 387 Fed.Appx. 905, 905-07 (11th Cir. 2010) (affirming order that sua sponte transferred an action brought under Section 1915 to another district court), cert. denied, 131 S.Ct. 1481 (2011); Caldwell v. Freeman, No. 06-943, 2007 WL 114811, at *1-2 (M.D. Tenn. Jan. 10, 2007) (granting in-forma-pauperis application and transferring action to another district court); Walker v. M. Davis & Sons, No. 98-1910, 1998 WL 199646, at *1 (E.D. Pa. Apr. 27, 1998) (same).  This Court will issue an appropriate order.

                                                s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge

Dated:   November 16, 2011